UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY R. BRYANT and LAURA BRYANT, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-3818-B |
| BANK OF AMERICA N.A., and RUSHMORE LOAN MANAGEMENT SERVICES, LLC, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Larry R. Bryant's and Laura Bryant's (the Bryants) Emergency Opposed Motion for Extension to File Response to Defendant's Motion for Final Summary Judgment (Doc. 26), which Plaintiffs filed on June 2, 2016, pursuant to Federal Rule of Civil Procedure 56(d). For the following reasons, the Bryants' Motion is **GRANTED.**

### I.

### BACKGROUND

This is a suit to prevent foreclosure and obtain monetary damages for purported statutory violations. *See generally* Doc. 10, Second Am. Compl. Given the expedited nature of the Bryants' Motion, however, the Court provides only a truncated background of facts. In short, the Bryants obtained a loan from Bank of America, N.A. (BANA) in 2003 to purchase 14104 Bridle Trail, Forney, Texas 75126 (the Property). *Id.* ¶ 5; Doc. 1-1, Ex. B, Adjustable Rate Note. Somewhere along the way, in 2010, the Bryants declared bankruptcy, resulting in an automatic stay that

remained in effect until 2015. S*ee In re Larry Richard Bryant and Laura Lee Bryant*, No. 10-36256-hdh-13 (Bankr. N.D. Tex. 2013); Doc. 1-1, Def.'s Answer, Affirmative Defenses, and Counterclaim to Pls.' Original Pet. ¶ 18; Doc. 1-1, Ex. G, Agreed Stay Lifting Stay as to Debtor. During that period—between January and November 2014, specifically—the Bryants allege that they submitted multiple complete applications for loan modifications to BANA, but never received a written response indicating whether they were approved. Doc. 10, Second Am. Compl. ¶ 7. Then, they say, BANA transferred the loan to Rushmore Loan Management Services, LLC (Rushmore), who began servicing it in November 2014—though the Bryants say they never received notice of the transfer. *Id.*[1] In any event, the Bryants contend that Rushmore then sent them a Notice of Sale, informing them that the Property would be foreclosed upon on November 3, 2015. *Id.* ¶ 9.

Accordingly, the Bryants sued in state court on October 29, 2015, seeking a temporary restraining order and injunction. *See* Doc. 1-1, Original Pet.[2] Subsequently, Rushmore removed the case to this Court, *see* Doc. 1, Notice of Removal, and moved for summary judgment. Doc. 18, Def. Rushmore Loan Mgmt. Servs., LLC's Mot. for Final Summ. J. The Bryants then emailed Rushmore to request an extension to their response deadline,[3] *see* Doc. 26-5, Ex. D., but Rushmore refused. *See* Doc. 26-6, Ex. E. Accordingly—and given that their response to Rushmore's motion is currently due

---

[1] Rushmore, in its summary judgment motion, notes that BANA assigned the Deed of Trust to Wilmington Savings Fund Society, FSB (Wilmington) and that Rushmore is acting only as mortgage servicer and "mortgagee" for Wilmington under Texas Property Code § 51.0001(4). Doc. 21, Br. in Supp. of Def. Rushmore Loan Mgmt. Servs., LLC's Mot. for Final Summ. J. Am. ¶¶ 1, 4.

[2] Evidently, the Property has still not been foreclosed upon. *See generally* Doc. 21, Br. in Supp. of Def. Rushmore Loan Mgmt. Servs., LLC's Mot. for Final Summ. J. Am.

[3] The Bryants seek this extension because they are seeking additional documents in discovery they believe are relevant to their response. *See infra,* Part II.

June 8, 2016—the Bryants filed this emergency motion, seeking an additional thirty days to respond, until July 8, 2016. Doc. 26, Pls.' Emergency Opposed Mot. for Extension of Time to File Resp. to Def.'s Mot. for Final Summ. J. ¶ 1. [hereinafter Pls.' Mot.]. Due to the expedited nature of the Bryants' motion, the Court considers it without a response from the other side.

## II.

## ANALYSIS

"Rule 56(d) is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13-CV-0988, 2014 WL 1462443, at *11 (N.D. Tex. Apr. 15, 2014) (slip copy) (internal quotations and alterations omitted). The Rule functions as a "safe harbor" and is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). Thus, under Rule 56(d), the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Though the Fifth Circuit has stated that Rule 56(d) motions are "broadly favored and should be liberally granted," a party requesting such relief must indicate "why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (emphasis in original); *Stults v. Conoco, Inc.*, 76 F.3d 651, 657–58 (5th Cir. 1996) (internal quotation marks omitted). Consequently, it is not enough for party

to "allege discovery is incomplete or that discovery will produce needed but unspecified facts." *Hunsinger*, 2014 WL 1462443, at *12. The party must instead "demonstrate 'how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact.'" *Id.* (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284–85 (5th Cir. 1985)). In other words, if a party "fail[s] to explain what discovery [it] had, why it was inadequate, and what [it] expected to learn from further discovery" and instead offers only "vague assertions of the need for additional discovery," it will not be entitled to a continuance. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotation marks omitted).

Here, the Bryants argue that "a key issue of fact [raised by Rushmore in its summary judgment motion] is whether the Plaintiffs ever submitted a complete or facially complete loss mitigation application to Rushmore." Doc. 26, Pls.' Mot. at 4. Resolving this fact is critical, they say, because, if they did submit such an application, (1) "Rushmore w[ould] [have been] obligated to evaluate [it] . . . and give notice of what loss mitigation options, if any, it w[ould] offer," *id.* at 4 (citing 12 C.F.R. §§ 1024.41(c)(1)(i)–(ii)), and (2) would have been "prohibited from moving forward with a foreclosure of the property until [it] . . . evaluated the complete or facially complete application and g[ave] notice of its decision." *Id.* (citing 12 C.F.R. § 1024.41(g)). Rushmore, however, did neither, according to the Bryants. *See* Doc. 10, Second Am. Compl. ¶ 8. Thus, if the Bryants could prove Rushmore shirked its duties, they may be entitled to compensation. *See* 12 C.F.R. § 1024.41. The problem here, the Bryants say, is that the documentary evidence provided thus far does not affirmatively indicate whether Rushmore did.

More specifically, the Bryants contend that, while Rushmore acknowledged it *received* their applications, it never actually produced the applications as summary judgment evidence, tendering

instead only letters sent to the Bryants indicating their application would not be reviewed because it was incomplete. Doc. 26, Pls.' Mot. at 4 (citing Doc. 21, Br. in Supp. of Def. Rushmore Loan Mgmt. Servs., LLC's Mot. for Final Summ. J. ¶ 25; Doc. 21-8, Ex. G, Letter from Rushmore to Bryants). The Bryants want the actual applications. The problem, then, is that their response to Rushmore's summary judgment motion is due June 8—not long after Rushmore's initial disclosures are due (June 6, 2016); before Rushmore's response to their first set of written discovery is due (June 17, 2016); and before the mutually agreed-upon deposition of a Rushmore corporate representative is scheduled to occur (June 28, 2016). *Id.* at 1, 3. Accordingly, the Bryants seek extra time to respond to Rushmore's motion, insisting they "will obtain the documents that Rushmore actually received," e.g. the applications, and "depose Rushmore's corporate representative on this topic" in the meantime. *Id.* at 4*, see also* Doc. 26-8, Ex. G, Email Re: Agreed Deposition.

Examining the record and relevant law, the Court agrees with the Bryants and grants their motion for an extension. The Bryants have gone beyond "vague assertions" and articulated why the discovery it has obtained is inadequate and what it expects to learn from the items and deposition for which it seeks more time. *See Bauer*, 169 F.3d at 968. As 12 C.F.R. § 1024.41 indicates, if Rushmore *did* receive a complete or facially complete loss mitigation application, it would have been obligated to evaluate it and give notice of their decision before moving forward with a foreclosure. But the Bryants have indicated that Rushmore has not yet produced the purportedly deficient and/or incomplete applications themselves, only letters testifying to this fact. Therefore, the question remains as to whether those applications were actually deficient and/or incomplete. This is certainly relevant to the suit. Accordingly, the Bryants are afforded an extension to respond to Rushmore's summary judgment motion in order to pursue this question through the discovery process.

Nevertheless, the Court is mindful that Rule 56(d) "offers relief where the nonmovant has not had a full opportunity to conduct—not to complete— discovery. The two concepts are distinct." *Hunsinger*, 2014 WL 1462443, at *11. Indeed, "Rule 56 does not require that discovery take place before granting summary judgment." *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)(per curiam). But discovery in this case is not due until December 5, 2016, *see* Doc. 25, Scheduling Order ¶ 5, and the Bryants request only a little more than a month—until July 8, 2016—to respond to Rushmore's motion. *See* Doc. 26, Pls.' Mot. at 1. Thus, this extension will not run afoul of *McCarty*.

Therefore, the Bryants' Motion is **GRANTED.** The Bryants shall have until **July 8, 2016,** to file their response to Defendants' Motion for Final Summary Judgment.

**SO ORDERED.**

**SIGNED: June 3, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE